**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE FACEBOOK PROFILE SERVICED BY FACEBOOK INC. | ML No. **19-ml-1186** |

*Reference:*   *DOJ Ref. # CRM-182-69938; Subject Account: https://www.facebook.com/MaciejMalenczukOfficial*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Facebook, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Menlo Park, California, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with **https://www.facebook.com/MaciejMalenczukOfficial**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the

proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.        PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.        Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.        Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.      Authorities in Poland are prosecuting Mirosław Maciej Maleńczuk ("Maleńczuk") for assault related offenses, which occurred in December 2016, in violation of the criminal law of Poland, specifically, Article 217 of the Polish Criminal Code.  A copy of the applicable law is appended to this application.  The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

investigation and/or prosecution.  Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, Maleńczuk is a well-known musician in Poland who has a large fan base on Facebook.  On December 17, 2016, Maleńczuk attended a pro-abortion rally in Krakow, Poland held by an organization named "Foundation Pro-Prawo do Zycia" ("Foundation").  During the protest, at about 1:00 p.m., Maleńczuk, who disagreed with the protesters, punched the leader of the Foundation ("Victim") in the face and removed his banner.

7. Based on screenshots provided by the Victim, Polish authorities determined that about half hour later, on December 17, 2016 at 1:38 p.m., the user of Facebook account **https://www.facebook.com/MaciejMalenczukOfficial**, published a post on Facebook on his public page.  The post discussed the fact that the user had punched the Victim in the face, as follows:  "At 3:00 p.m. we are back.  We have an enemy.  Paid scumbags are demonstrating, presenting abortion fetuses.  I personally paid out a punch to the leader.  I'm coming back at 3 p.m. and I am [expletive] up his picket line.  So far I've been alone, who is with me at 3 p.m. Krakow."

8. Another screenshot provided by the Victim and dated December 18, 2016, at 3:17 p.m. depicts another post by the user of Facebook account **https://www.facebook.com/MaciejMalenczukOfficial**, as follows:  "There are moments when not to punch in the face is the pinnacle of boorishness.  The little shit who was picketing was a hired petty thief.  One look at the face is enough."

9. The Victim had saved the postings electronically and, based on the screenshots, Polish authorities determined that the postings were made from Facebook account

**https://www.facebook.com/MaciejMalenczukOfficial** and that they were public postings, so that anyone on Facebook could access them.  Additionally, the screenshots included a profile picture of the user, and Polish officials determined it is a picture of Maleńczuk.  Based on the screenshots, Polish authorities believe that Maleńczuk assaulted the Victim and then bragged about it to his fan base on Facebook.  However, when interviewed by Polish authorities, Maleńczuk denied punching the Victim or posting anything on Facebook regarding the incident.

10. In order to verify the facts in the case and obtain evidence for the prosecution of Maleńczuk, Polish authorities now seek non-content records for Facebook account https://www.facebook.com/MaciejMalenczukOfficial from PROVIDER.

## REQUEST FOR ORDER

11. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Ruxandra Barbulescu
Trial Attorney
NY Bar Number 2988228
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 305-4136 telephone
(202) 514-0080 facsimile
Ruxandra.Barbulescu@usdoj.gov

**Relevant Provision of the Polish Criminal Code**

**Article 217**

(1) Whoever strikes a human being or in another manner breaches his personal inviolability, shall be subject to a fine, the penalty of restriction of liberty, or the penalty of deprivation of liberty.
(2) If the act was caused by the provocative conduct of the injured person or if the injured person responded with an act of the same kind, the court may waive the imposition of a penalty.